

U.S. Department of Justice

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts  02210*

December 13, 2013

Margaret Carter, Esq.
Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2500
Boston, Massachusetts 02210

Re:    *United States v. Jose L. Baez,* Appeal No. 13-1025

Dear Ms. Carter:

  This appeal was argued on December 3, 2013, before a panel of Chief Judge Lynch and Judges Stahl and Lipez.  I write pursuant to FRAP 28(j) to bring two matters to the Court's attention: (1) today's decision by the Second Circuit in *United States v. Aguiar*, Nos. 11-5262-cr(L), 11-5329-cr(con), 11-5330-cr (con) (2d Cir. Dec. 13, 2013); and (2) yesterday's order by the Third Circuit in *United States v. Katzin*, No. 12-2458.  Kindly bring this letter to the attention of the panel.

  In *Aguiar*, the Second Circuit affirmed the defendants' convictions and, as relevant here, held that a law enforcement agent's placement of a GPS device on a defendant's vehicle fell within the good faith exception to the exclusionary rule set forth in *Davis v. United States*, 131 S. Ct. 2419 (2011).  Slip op. at 3-4, 18-21.  The court first considered what is "binding appellate precedent" under *Davis*, and concluded that at the time the GPS device was placed on the defendant's car, law enforcement could reasonably rely on *United States v. Knotts*, 460 U.S. 276 (1983), and *United States v. Karo*, 468 U.S. 705 (1984), for the proposition that the warrantless use of a tracking device to monitor the movements of a vehicle on public roads did not violate the Fourth Amendment.  Slip op. at 18-19.  The court also found that the GPS technology deployed by the government was sufficiently similar to the beeper technology used in *Knotts*.  Slip op. at 19-20.  Finally, the court stated that its conclusion that the agents relied in good faith on *Knotts* was reinforced by the fact that several sister courts of appeals had reached similar conclusions.  Slip op. at 20-21 (citing cases).

Notably, the Second Circuit placed no significance on the fact that the agent had placed the GPS device on the defendant's vehicle on January 23, 2009, and law enforcement had continued to collect data from the vehicle until the defendant's arrest on July 30, 2009 – a period of 188 days.

In *Katzin*, the Third Circuit granted the government's motion for en banc review on the good faith question. Copies of the Second Circuit's decision in *Aguiar* and the Third Circuit's order in *Katzin* are attached.

                                Respectfully submitted,

                                CARMEN M. ORTIZ
                                United States Attorney

                     By   /s/ *Mark T. Quinlivan*
                                MARK T. QUINLIVAN
                                Assistant U.S. Attorney

cc:    Gordon W. Spencer
        Attorney at Law
        945 Concord Street
        Framingham, MA 01721